IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROYAL MOORE,

    Plaintiff,

v.                                                                                     Civil Action No. **3:11CV24**

**ERNEST TONY,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

    This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

    "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are

no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Claim

Plaintiff, while in his cell at Piedmont Regional Jail, slipped on water on the floor of his cell. Plaintiff asserts that this water came from a leaking air conditioner or the roof. Plaintiff was taken by stretcher to the local hospital where he was x-rayed and diagnosed with various back and neck strains. Plaintiff asserts that the leaks in the prison contributed to Plaintiff's injury, thus constituting cruel and unusual punishment.[1] Plaintiff seeks $600,000 in damages.

### Analysis

In order to state an Eighth Amendment claim, a plaintiff must allege facts that suggest: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII.

> Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). As a matter of law, however, the injury arising from a slip-and-fall does not constitute an injury sufficient to invoke the Eighth Amendment. *Hickman v. Hudson*, 557 F. Supp. 1341, 1346 (W.D. Va. 1983) (*citing Snyder v. Blankenship*, 473 F. Supp. 1208, 1212 (W.D. Va. 1979), *aff'd*, 618 F.2d 104 (1980)). "A slip and fall injury is not comparable to a prison-related injury . . . ." *Snyder*, 473 F. Supp. at 1212; *see also LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (noting that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment" (omission in original) (citation omitted)). The remedy for a slip-and-fall injury, if any exists, "must be sought in state court under traditional tort law principles." *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1217 (N.D. W. Va. 1983).
>
> Plaintiff has failed to state a claim that any prison official violated his Eighth Amendment rights. Accordingly, it is RECOMMENDED that Plaintiff's Eighth Amendment claim and the entire action be DISMISSED.

(July 25, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. On August 10, 2011 the Court received Plaintiff's Amended Complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th

Cir. 1982) (citations omitted). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

### III. CONCLUSION

Plaintiff's Amended Complaint is substantively identical to his original complaint. Plaintiff asserts that prison officials knew that the ceiling leaks when it is raining. Plaintiff contends that he slipped in water on the floor and fell. Plaintiff argues that this violates the Eighth Amendment's protections against cruel and unusual punishment.

The Magistrate Judge's analysis applies with equal force to the Amended Complaint. As a matter of law, a slip-and-fall does not constitute an injury sufficient to invoke the Eighth Amendment. *Hickman v. Hudson*, 557 F. Supp. 1341, 1346 (W.D. Va. 1983). Accordingly, Plaintiff's claims and the Amended Complaint will be DISMISSED for failure to state a claim upon which relief can be granted.

An appropriate Final Order will accompany this Memorandum Opinion.

It is so ORDERED.

/s/
James R. Spencer
Chief United States District Judge

Date: 9-8-11
Richmond, Virginia